UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASER LEWIS, BK1236112,<br>Plaintiff,<br>v.<br>GOOGLE INC., et al.,<br>Defendant(s). | Case No. 21-cv-09819-CRB  (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 2) |

Plaintiff, a prisoner at the San Mateo County Jail, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that Google and Facebook violated his constitutional rights by publishing confidential information of his on the web and other wrongdoing. Plaintiff raised the same allegations against Google and its employees in a prior prisoner complaint, which was dismissed on August 8, 2019 for failure to state a claim upon which relief may be granted. See Lewis v. Google Inc., No. 19-cv-04319-CRB (PR) (N.D. Cal. Aug. 8, 2019) (order of dismissal).

A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. Cf. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)) (duplicative in forma pauperis complaint may be considered abusive and dismissed under 28 U.S.C. § 1915). Because plaintiff raised and litigated the same allegations and claims raised herein in Lewis v. Google Inc., No. 19-cv-04319-CRB (PR), the instant complaint is deemed duplicative and abusive under § 1915A. That plaintiff adds Facebook a defendant in this later-filed action does not compel a different result. See Bailey, 846 F.2d at 1021 (complaint repeating same allegations asserted in earlier case, even if now filed against new defendants, is subject to dismissal as duplicative).

To the extent that any allegations in the complaint may be construed as new allegations that Google and Facebook violated plaintiff's constitutional rights, the allegations are dismissed as frivolous and for failure to state a claim under § 1915A(b) because it is well-established that there is no enforceable claim under § 1983 to be free from constitutional deprivations by private entities and/or individuals such as Google and Facebook. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

For the foregoing reasons, the complaint is DISMISSED as duplicative, frivolous and for failure to state a claim under the authority of 28 U.S.C. § 1915A(b), and plaintiff's request to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915 (ECF No. 2) is DENIED on grounds that the complaint is clearly frivolous and without merit. See Tripati v. First Nat. Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

**IT IS SO ORDERED**.

Dated: January 7, 2022

_____
CHARLES R. BREYER
United States District Judge